**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAZARO BARTOLOME PORTILLO-VALLADARES,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-70092<br><br>Agency No. A078-925-257<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Lazaro Bartolome Portillo-Valladares, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JT/Research

application for asylum, withholding of removal, and the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Portillo-Valladares' claim that he is eligible for asylum and withholding of removal on the basis of his anti-gang political opinion or his membership in a particular social group, namely, young Salvadoran men who have fled gang recruitment. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence") (internal quotation omitted). Moreover, substantial evidence supports the BIA's finding that Portillo-Valadares failed to demonstrate the El Salvadoran government was unwilling or unable to control his alleged persecutors.

*See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070-72 (9th Cir. 2005). Accordingly, we deny the petition as to Portillo-Valladares' asylum and withholding of removal claims. *See Barrios*, 531 F.3d at 854.

Substantial evidence also supports the BIA's denial of CAT relief because Portillo-Villadares did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**